## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHNNY L. McDONALD, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | CASE No. 05-CV-348-FHM |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## ORDER

Plaintiff, Johnny L. McDonald, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as

---

[1] Plaintiff's March 11, 2002 application for Supplemental Security Income benefits was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) was held November 24, 2003. By decision dated March 24, 2004, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied review of the findings of the ALJ on April 26, 2005. The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir. 2003). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995); *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was born October 7, 1954, and was 49 years old at the time of the hearing. [R. 40, 103]. He claims to have been unable to work since January 1, 2002, due to high blood pressure, pain in the low back, pain in both legs and right knee, as well as depression and dependent personality disorder. [R.147 181-185]. The ALJ determined that Plaintiff has severe impairments consisting of arthritis with mild chronic pain in the low back and knees, chronic obstructive pulmonary disease [COPD] (emphysema), depression, dependent personality disorder and substance addiction disorder [R. 27] but that he retains the residual functional capacity (RFC) to perform a significant range of light work. [R.28]. He determined that Plaintiff is unable to perform his past relevant work (PRW) but found, based upon the testimony of a vocational expert (VE), that there are other jobs in the economy in significant numbers that Plaintiff could perform with his RFC. [R. 28]. He found, therefore, that Plaintiff is not disabled as defined by the Social Security Act. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts the ALJ failed:  1) to perform a proper evaluation of the treating physician's opinion; 2) to perform a proper credibility determination; and 3) to perform a proper step five determination. [Plaintiff's Brief, p. 2].  For the reasons discussed below, the Court affirms the decision of the Commissioner.

## **Treating Physician Opinion**

According to what has come to be known as the treating physician rule, the Commissioner will generally give more weight to medical opinions from treating sources than those from non-treating sources. 20 C.F.R. § 404.1527(d)(2).  A treating physician may offer an opinion which reflects a judgment about the nature and severity of the claimant's impairments including the claimant's symptoms, diagnosis and prognosis, what the claimant can still do despite impairment(s) and any physical and mental restrictions. See 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2).  The Commissioner will give controlling weight to the treating physician's opinion if it is well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  A treating physician's opinion may be rejected if it is brief, conclusory and unsupported by medical evidence.  Specific, legitimate reasons for rejection of the opinion must be set forth by the ALJ.  *Frey v. Bowen,* 816 F.2d 508 (10th Cir. 1987). While a physician may proffer an opinion that a claimant is totally disabled, that opinion is not dispositive because final responsibility for determining the ultimate issue of disability is reserved to the Commissioner. *See* 20 C.F. R. §§ 404.1527(e)(2), 416.927(e)(2); *Castellano*, 26 F.3d at 1028.

3

In this case, the medical record indicates Plaintiff commenced treatment with Thomas E. Madaj, M.D., on May 21, 2001. R. 376-377].  At that first examination, Plaintiff complained of anxiety, jitteriness and nervousness, requested pain medication for knee trouble and also reported some recent problems with shortness of breath and wheezing. [R. 377].  Dr. Madaj's impression after examination was: depression; anxiety disorder; sleep disturbance, probably secondary to depression and anxiety; left knee pain; COPD versus asthma; tobacco use disorder; and possible hypertension. [R. 376].  He prescribed Celexa, Xanax, Celebrex and Advair and told Plaintiff to stop smoking immediately.[2]  When Dr. Madaj saw Plaintiff on June 21, 2001, he recorded complaints of low back pain. [R. 375].  Examination revealed no tenderness in the lumbar region; full ROM (range of motion) without pain; negative SLR (straight leg raising); strength S/S equal; DTR's (deep tendon reflexes) 2/4 equal. [R. 375].  He prescribed Lortab. [R. 375].  Dr. Madaj saw Plaintiff regularly through September 24, 2003. [R. 357-377, 413-424].[3]

On October 10, 2003, Dr. Madaj wrote a letter for Plaintiff, the entirety of which is as follows:

> To Whom It May Concern:
> Mr. McDonald has been a patient of mine for several years now.  He suffers from chronic low back pain, emphysema and depression and is unable to work regularly.

---

[2] Celexa (citalopram) is an antidepressant, *See FDA drug information on line:* http://www.fda. gov/cder/drug/infosheets/patient/citalopramPT.htm; Celebrex (celecoxib) is an analgesic for arthritis pain, *See* FDA drug information on line: http://www.fda.gov/cder/drug/infosheets/patient/citalopram. htm; Advair is an antiasthmatic, anti-inflammatory (inhalation) broncodilator, See FDA drug information on line: http://www.fda.gov/cder/drug/InfoSheets/patient/FluticasonePIS.htm;   Xanax is indicated for the management of anxiety disorders. *Physicians' Desk Reference* (PDR) 2516 (53rd ed. 1999).

[3] Additional records from Dr. Madaj were submitted to the Appeals Council covering the time period from June 2, 2004 to September 13, 2004. [R. 434-439].

[R. 415].   The ALJ noted this medical evidence, acknowledged the weight and consideration to be given treating physician's opinions as required by the agency's rulings and regulations and said:

> Dr. Madaj's opinion that the claimant is disabled is inconsistent with his own treatment notes as well as the other medical evidence of record.   Dr. Madaj's own treatment notes stated he had good range of motion, negative straight leg raising, and questionable radiculopathy. He reported the claimant was not compliant with his medications for chronic obstructive pulmonary disease but even so he was shown to have only minimal wheezing.  Dr. Madaj consistently reported his chronic back pain, chronic obstructive pulmonary disease and depression to be stable. The [ALJ] does not accord any weight to the opinion of Dr. Madaj that the claimant is unable to work.

[R. 23].

Plaintiff asserts the ALJ improperly discounted Dr. Madaj's opinion that he is unable to work regularly by not identifying the inconsistencies upon which he relied and by ignoring medical evidence that would support Dr. Madaj's opinion.  The Court does not agree.

Under the regulations, the agency rulings, and case law, an ALJ must "give good reasons in [the] notice of determination or decision" for the weight assigned to a treating physician's opinion. 20 C.F.R. § 404.1527(d)(2); see also Social Security Ruling (SSR) 96-2p, 1996 WL 374188, at *5; *Doyal*, 331 F.3d at 762.  The decision "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that

weight." SSR 96-2p, 1996 WL 374188, at *5.   In this case, the ALJ accurately summarized Dr. Madaj's treatment records and offered legitimate reasons for not according the doctor's conclusory opinion that Plaintiff "is unable to work regularly" any weight.

First, the ALJ correctly noted that the disability determination is an administrative finding and is reserved to the Commissioner, not the treating physician. *See Howard v. Barnhart*, 379 F.3d 945 C.A.10 (Okla.),2004 (the ALJ, not a physician, is charged with determining a claimant's RFC from the record) See, e.g., 20 C.F.R. § 416.927(e)(2); SSR 96-5p, 1996 WL 374183, at *5.

Second, the ALJ cited inconsistencies between the opinion expressed in Dr. Madaj's letter that Plaintiff is unable to work regularly and the other medical evidence in the record, including his own treatment notes. [R. 23].  The record supports the ALJ's conclusion in this regard.  As noted by Defendant and admitted by Plaintiff, Dr. Madaj's examination and treatment notations varied with regard to the existence and/or extent of functional limitations and pain responses.  Defendant accurately describes Dr. Madaj's notes as consistently finding full range of motion of the back, negative or inconclusive straight leg raising test results, good strength in his legs and no edema. [Defendant's brief, p. 4].  Plaintiff argues that Dr. Madaj also at times reported decreased and painful ROM and because symptoms may vary in intensity, there was not sufficient reason for the ALJ to conclude that Dr. Madaj's October 10, 2003 opinion is inconsistent with his office treatment records. This contention is belied by the record. Dr. Madaj noted that Plaintiff was working as a bus driver when he first examined Plaintiff on May 21, 2001.  [R. 377].  None of the doctor's treatment notes contain any

6

suggestion that he ever restricted Plaintiff's work activities or considered Plaintiff's impairments to be severe to the extent that he was unable to continue his bus driving work.  Nor did the doctor place restrictions on any of Plaintiff's daily activities.  Plaintiff cites to pages in Dr. Madaj's treatment records as documentation of "pain" by Dr. Madaj. [Plaintiff's brief, p. 3].  However, the bulk of those notations actually describe Plaintiff's symptoms as "tenderness" in the paralumbar and/or waist area. [R. 359, 366, 413, 414, 422, 423, 436].  The ALJ committed no error in rejecting Dr. Madaj's opinion that Plaintiff is unable to work regularly because of inconsistency with his treatment notes.  *See Eggleston v. Bowen*, 851 F.2d 1244, 1246-7 (10th Cir. 1988) (if treating physician's progress notes contradict his opinion, it may be rejected).

Third, the ALJ also considered the reports of the consultative physicians who examined Plaintiff. [R.20-22].  He noted that range of motion tests, strength, deep tendon reflexes and gross/fine dexterity were all within normal limits, there was no evidence of swelling effusion, peripheral edema, cynosis or clubbing of the extremities or of localized tenderness, spasm or trigger point of the spine. [R. 24].   It is the ALJ's province, as fact finder, to decide the appropriate weight to be given medical evidence. *Kemp v. Bowen*, 816 F.2d 1469, 1476 (10th Cir.1987) (noting it is fact finder's responsibility to resolve genuine conflicts between opinion of treating physician and other contrary evidence).

The ALJ acknowledged the medical evidence of some noticeable pain and set RFC limitations accordingly. *Id.*  The ALJ properly evaluated Dr. Madaj's opinion in the context of the record as a whole. See 20 C.F.R. § 404.1527(b) (stating that medical opinions must be considered with all the relevant evidence); *White v. Barnhart*, 287 F.3d

7

903, 907 (10th Cir.2001) (explaining that a treating physician's opinion should be consistent with other substantial evidence).

The Court finds that the ALJ adequately considered the correct legal factors in weighing the objective medical evidence and that the ALJ's decision is factually supported by the record. The Court concludes that Dr. Madaj's opinion that Plaintiff is unable to work regularly was not supported by clinical and laboratory diagnostic techniques and was not consistent with the other medical evidence of record. Consequently, the ALJ committed no error in declining to give it any weight.

### Credibility Determination

Plaintiff contends the ALJ failed to perform a proper credibility determination. He claims the ALJ failed to comply with the required credibility factors as set out in *Luna v. Bowen*, 834 F.2d 161, 165-66 (10th Cir.1987) and that the ALJ used only boilerplate language that is impermissible. It is true that the ALJ may not merely recite boilerplate language without stating that full consideration was given to subjective complaints. *Hardman v. Barnhart*, 362 F.3d 676, 679-80 (10th Cir.2004) (failing to give specific reasons for adverse credibility determination, to closely and affirmatively link credibility conclusions to evidence and to discuss significantly probative evidence supporting claimant's allegations is error). However, this is not the case here. The ALJ specifically noted that Plaintiff's claims of limited range of motion were not consistent with medical records that showed his range of motion to be largely normal. The ALJ noted that Plaintiff's treating physician reported Plaintiff's impairments were stable on medication. Contrary to Plaintiff's contention, the ALJ identified numerous reasons for rejecting Plaintiff's testimony regarding his limitations, including his daily activities,

8

all of which find support in the record. [R. 53-54 (daily walks a mile in fifteen minutes);
54 (mows yard); 55 (lifts 25 pounds); 58 (helps mother and works around the house);
60-61 (vacuums, dusts, cleans house and cooks), 63 (works on cars)].  The ALJ is
entitled to rely on objective evidence in the record, such as Plaintiff's  recount  of  his
daily activities, in making his assessment. *See Hamilton v. Secretary of Health & Human
Services of U.S.*, 961 F.2d 1495 (10th Cir. 1992).  As counsel for Defendant points out,
the record contains ample support for the ALJ's conclusion that Plaintiff exaggerates
his symptoms, including Plaintiff's ability to drive school buses long distances,
stopping only for fuel and food and maintaining a commercial driver's license and
DOT card.  [R. 41-45, 58, 60, 62].  Because credibility findings are peculiarly within
the province of the ALJ, the Court does not disturb such findings if they are supported
by substantial evidence. *See Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir.1995).

The Court finds no merit to Plaintiff's argument that the ALJ was required to
specifically discuss what weight he accorded the December 13, 2002 state agency
physician's RFC rating and that, because he did not do so, he committed reversible
error.  The RFC assessment Plaintiff focuses upon is a standardized checklist filled out
by a non-examining agency physician that provided no explanation for the basis of the
opinions it contained. [R. 388-404].   It is doubtful that this checklist-style RFC
assessment constitutes substantial evidence under *Frey v. Bowen*, 816 F.2d 508, 515
(10th Cir.1987). *See* Soc. Sec. Ruling 96-6p, 1996 WL 374180, at *2 (opinions of
physicians or psychologists who do not have treatment relationship with [claimant] are
weighed by stricter standards, based to a greater degree on medical evidence,
qualifications, and explanations for the opinions, than are required of treating sources

9

and for that reason can be given weight only insofar as they are supported by evidence in the case record) (citing 20 C.F.R. § 416.927(d)(1), (2)).

Although the ALJ did not specifically address this evidence, he stated that he had considered all the evidence of record and there is no indication that the ALJ omitted medical evidence from consideration that was favorable to Plaintiff.  At any rate, the marked limitations in ability to understand and remember detailed instructions, to carry out detailed instructions and to interact appropriately with the public do not contradict the ALJ's RFC, which limited Plaintiff's work activities to those requiring only simple repetitive tasks and minimal contact with the general public.  See *Barnett v. Apfel,* 231 F.3d 687, 689 (10th Cir.2000) (boilerplate language used by ALJ in listing reasons for not considering some of the medical evidence did not require reversal where review of the record establishes ALJ considered the pertinent evidence of claimant's impairments).  When the ALJ does not need to reject or weigh evidence unfavorably in order to determine a claimant's RFC, the need for express analysis is weakened. *Howard v. Barnhart*, 379 F.3d 945 (10th Cir. 2004).

Under the circumstances of this case, the Court finds the ALJ properly evaluated Plaintiff's subjective complaints, compared his testimony with the medical evidence and provided sufficient rationale for determining the weight he accorded the  evidence. *See Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir.1996) (ALJ not obligated to discuss every piece of evidence). Contrary to Plaintiff's suggestion, the Court does not reweigh the evidence.  *See Kelley*, 62 F.3d at 337) (court does not reweigh evidence or substitute discretion for that of agency).

## **Step Five Determination**

10

Plaintiff bases his allegation that the ALJ failed to propound a proper hypothetical to the vocational expert (VE) upon the argument that the RFC assessed by the ALJ did not include the deficiencies that the state agency experts had found. As previously discussed, however, Plaintiff's characterization of the evidence is belied by the record.  The Court finds that the ALJ's RFC findings are supported by the record and that the hypothetical presented to the VE and the VE's response relied upon by the ALJ for his step five determination contained the limitations found to be true by the ALJ. See *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir.1991) (hypothetical must relate with precision all of a claimant's impairments); see also *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir.1995) (noting "the established rule that such inquiries must include all (and only) those impairments borne out by the evidentiary record").  Therefore, there is no merit to Plaintiff's contention that the ALJ's step five determination was not based upon substantial evidence.

### Conclusion

The ALJ's decision demonstrates that he considered all of the medical reports and other evidence in the record in his determination that Plaintiff retained the capacity to perform a significant range of light work.  The record as a whole contains substantial evidence to support the determination of the ALJ that Plaintiff is not disabled. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 30th day of June, 2006.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE